**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **FANNIE MAE**,<br>Midtown Center, 1100 15th Street NW,<br>Washington, DC 20005<br><br>     Plaintiff,<br> v.<br><br>**RESERVE APARTMENTS, LTD.,** an Ohio limited liability company,<br>4420 Sherwin Road, Willoughby, Ohio 44094,<br><br>and<br><br>**RESERVE SQUARE APARTMENTS, LTD.**, an Ohio limited liability company,<br>4420 Sherwin Road, Willoughby, Ohio 44094,<br><br>and<br><br>**CUYAHOGA COUNTY FISCAL OFFICER,**<br>2079 E. 9th St. # 3<br>Cleveland, OH 44115.<br><br>     Defendants. | CASE NO.:<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR *IN REM* JUDGMENT ON NOTE, FORECLOSURE OF MORTGAGE, ENFORCEMENT OF SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS, AND APPOINTMENT OF RECEIVER** |

  Now comes Plaintiff, Fannie Mae ("Fannie Mae"), who hereby alleges and asserts against

the Defendants as follows:

## THE PARTIES

1. Fannie Mae brings this Complaint against Defendants Reserve Apartments, Ltd. and Reserve Square Apartments, Ltd. ("Defendant Borrowers"), and other named defendants, based on various defaults under the terms of the relevant Loan Documents (as defined *infra*).

2. Fannie Mae is a corporation chartered under the laws of the United States of America with its principal place of business located at Midtown Center, 1100 15th Street NW, Washington, DC 20005.

3. Fannie Mae is a citizen of the District of Columbia pursuant to 12 U.S.C. § 1717(a)(2)(B).

4. Defendant Borrowers are Ohio limited liability companies and are subject to the jurisdiction of this Court.

5. Each Defendant Borrower has a principal place of business located at 4420 Sherwin Road, Willoughby, Ohio 44094.

6. Fannie Mae has not joined any residential or commercial tenants with a leasehold interest in the Property because Fannie Mae does not currently intend to foreclose upon or otherwise impact the rights of said residential or commercial tenants.

## JURISDICTION AND VENUE

7. Fannie Mae incorporates by reference each of the allegations in the preceding paragraphs as if fully rewritten herein.

8. Diversity jurisdiction is proper because Fannie Mae is a citizen of the District of Columbia, because no defendants are citizens of the District of Columbia, and because the amount in controversy exceeds $75,000.00.

9. Defendant Borrowers consented to service, jurisdiction, and venue in this Court for any litigation involving the loan at issue in this matter.

10. Venue in this Court is proper because the subject of this action is a commercial loan, payment of which is secured by real property located within the territorial jurisdiction of this Court, in Cuyahoga County, Ohio.

11. A Title Commitment that establishes evidence of record title to the Property as required under Amended General Order No. 2006-16-6 is filed contemporaneously herewith.

12. An affidavit that attaches a written payment history, which authenticates copies of the promissory note, a full recorded copy of the mortgage, and that further satisfies the requirements of Amended General Order No. 2006-16-6 is attached hereto as <u>Exhibit A</u>.

**FACTS COMMON TO ALL COUNTS**

13. Fannie Mae incorporates by reference each of the allegations in the preceding paragraphs as if fully re-written and restated herein.

14. Fannie Mae is the current owner and holder of the "Loan Documents" as defined below. Fannie Mae is a government-sponsored enterprise and a federally chartered entity that Congress created to enhance the nation's housing-finance market.

15. Under its federal statutory charter, Fannie Mae has a public mission to provide liquidity, stability, and affordability to the U.S. housing market, including the market for quality, affordable rental housing. Fannie Mae is operating under the conservatorship of the Federal Housing Finance Agency ("<u>FHFA</u>"), which is an independent agency of the United States created in 2008 to supervise certain Government Sponsored Enterprises including Fannie Mae. *See* 12 U.S.C. § 4511 *et seq*.

16. Among other powers, Congress granted the Director of FHFA the authority to place Fannie Mae into conservatorship under certain statutorily defined conditions, which the Director did in 2008. As Conservator, FHFA has broad statutory powers, including the powers to preserve and conserve Fannie Mae's assets and property, and to collect obligations due Fannie Mae. FHFA's ability to exercise its statutory powers and functions as Conservator is protected by federal law. *See, e.g.,* 12 U.S.C. § 4617(f).

17. On December 23, 2014, Defendant Borrowers executed and delivered to M&T Realty Capital Corporation ("Original Lender") a Multifamily Note in the principal amount of Ninety-Three Million Four Hundred Thirty-Three Thousand and 00/100 Dollars ($93,433,000.00) (the "Note"). The Note was assigned to Fannie Mae. A true and accurate copy of the Note is incorporated herein and attached hereto as Exhibit B.

18. On December 23, 2014, Defendant Borrowers executed and delivered to Original Lender an Open-End Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing securing the amounts due or which may become due under the Note (the "Mortgage"). A true and accurate copy of the Mortgage is incorporated herein and attached hereto as Exhibit C.

19. The Mortgage was recorded on December 23, 2014 as Instrument Number 201412230406 in the Cuyahoga County, Ohio records.

20. The Mortgage was given to secure the Note.

21. On December 23, 2014, Defendant Borrowers executed a Multifamily Loan and Security Agreement (Non-Recourse) (the "Loan Agreement") of which a true and accurate copy is incorporated herein and attached hereto as Exhibit D.

27252328.2

22. The Mortgage is a valid first lien, subject only to any lien that may be held by the County Treasurer that has priority over the Mortgage as a matter of law, on and in the property commonly known as 1701 East 12th Street, Cleveland, Ohio 44114 which is more fully set out in the Mortgage, which includes Permanent Parcels 102-22-057, 102-22-058, 102-22-059, 102-22-060, 102-22-061, 102-22-003, 102-22-004, 102-22-005, 102-22-006, 102-22-007 (the "Property").

23. The parties to the Mortgage intended that it attach to the entire fee simple interest in the Property.

24. The Property comprises of a multi-family housing project, that contain nine hundred and seventy-six (976) units, including studio, one-, two-, and three-bedroom units. The Property is located in the Downtown Cleveland, Ohio neighborhood. The Property is operated as a single economic unit, and offers off-street surface and garage parking, secure entry, and on-site laundry.

25. Defendant Borrowers are the current owner of the Property.

26. The Mortgage contains a security agreement (the "Security Agreement") pursuant to which Defendant Borrowers pledged, assigned, and granted a continuing security interest (the "Security Interest") in any and all of that portion of the Property in which a security interest may be granted and in which Defendant Borrowers have any present, or thereafter acquired, right title or interest.

27. The Mortgage also contains an assignment of Leases and Rents (the "Assignment of Leases") pursuant to which Defendant Borrowers absolutely and unconditionally assigned and transferred revocable license to exercise all rights, power and authority granted to Defendant Borrowers under the Leases and to collect and receive all Rents. Upon an Event

5

27252328.2

of Default, this revocable license is terminated and Fannie Mae is immediately entitled, directly or through a receiver, to receive and collect all Rents due and paid.

28. Article 3 of the Loan Agreement identifies specific circumstances in which Defendant Borrowers would be personally liable for some or all of the amount due under the Mortgage Loan. Except under those specific circumstances (the "<u>Exceptions to Non-Recourse Provision</u>"), Defendant Borrowers are not personally liable for repayment of the Mortgage Loan. Rather, Fannie Mae's only recourse for the satisfaction of the amount due under the Mortgage Loan is Fannie Mae's exercise of its rights and remedies with respect to the Properties and other collateral.

29. The Loan Agreement, Note, Mortgage, and other related loan documents (collectively, the "Loan Documents") were assigned by Original Lender to Fannie Mae pursuant to the certain Assignment of Collateral Agreements and other Loan Documents dated December 23, 2014 ("<u>Assignment</u>"). A true and accurate copy of the Assignment is attached hereto as <u>Exhibit E</u>.

30. Fannie Mae is also current mortgagee of record for the Mortgage, as evidenced by Assignment of Open-End Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "<u>Assignment of Mortgage</u>") which was recorded on December 23, 2014 as Instrument Number 201412230407 in the Cuyahoga County, Ohio records. A true and accurate copy of the Assignment of Mortgage is incorporated herein and attached hereto as <u>Exhibit F</u>.

31. Because Fannie Mae is the current holder of the Note, mortgagee of record of the Mortgage, and assignee of the Assignment, Fannie Mae is entitled to enforce all of the Loan Documents.

32. Fannie Mae and Original Lender (as Fannie Mae's predecessor-in-interest) have performed all of their respective obligations under the Loan Documents.

## EVENT OF DEFAULT

33. Fannie Mae incorporates by reference each of the allegations in the preceding paragraphs as if fully re-written and restated herein.

34. Defendant Borrowers failed to remit payments and fulfill other terms and conditions required by the Note.

35. The maturity date of the Note was January 1, 2025. Defendant Borrowers were required to pay all outstanding amounts due pursuant to the Note on or prior to the maturity date and have failed to pay those amounts to date.

36. The Loan Documents are in default.

## COUNT ONE: IN REM DEFAULT OF NOTE

37. Fannie Mae incorporates by reference each of the allegations in the preceding paragraphs as if fully re-written and restated herein.

38. Defendant Borrowers have breached the Note, Loan Agreement, and other Loan Documents and failed to cure the Events of Default thereunder.

39. Fannie Mae and Original Lender have satisfied all of their obligations under the Loan Documents, and all conditions precedent to Fannie Mae's claims have been performed, have occurred, or have been excused.

40. Pursuant to Section 4 of the Note, Fannie Mae has accelerated the entire balance due under the Note, the full amount of which is currently due and owing.

27252328.2

41. Upon default under the provisions of the Note, the holder of the Note is entitled to declare all unpaid principal, accrued interest, late fees, attorney fees, expenses, and any and all other amounts provided for in the Note immediately due and payable.

42. Based on the default of the Note, the amount due and owing to Fannie Mae is (as of July 21, 2025): (a) the unpaid principal due under the Loan Documents in the amount of $73,873,511.10, (b) the aggregate accrued, and unpaid interest due under the Loan Documents in the amount of $1,517,533.53, (c) tax advances in an amount of $2,822,744.04 and (d) Fannie Mae's Broker Price Opinion costs in an amount of $2,250.00. Collectively these amounts total $78,388,230.20, exclusive of Fannie Mae's attorney costs which are estimated at $30,055.00 as of July 21, 2025. Interest, fees, and expenses continue to accrue pursuant to the terms of the Loan Documents.

43. Any and all payments received after acceleration have been or will be applied in accordance with the payment application process set forth in the Loan Documents.

44. Fannie Mae is entitled to an *in rem* judgment on all amounts due under the Note and is further entitled to additional amounts under the Loan Documents including, but not limited to, additional property protection advances, other advances, fees and charges, and all collection costs including without limitation attorneys' fees.

**COUNT TWO: FORECLOSURE OF MORTGAGE AND SECURITY AGREEMENT**

45. Fannie Mae incorporates by reference each of the allegations in the preceding paragraphs as if fully re-written and restated herein.

46. By virtue of the lien of the Mortgage, Fannie Mae holds a valid first priority mortgage lien on the Property, superior to any and all other liens, claims or encumbrances other than those for any tax lien asserted by the Cuyahoga County Treasurer under state law.

27252328.2

47. Pursuant to the terms of the Mortgage, upon the occurrence of any Event of Default (as defined in the Loan Agreement), the mortgagee is entitled to declare the entire indebtedness immediately due and payable and to institute a judicial foreclosure of the lien of the Mortgage.

48. Pursuant to the terms of the Security Agreement, upon an Event of Default, Defendant Borrowers further agreed that the mortgagee shall have all the rights and remedies of a secured party under the Uniform Commercial Code as adopted by the State of Ohio with respect to any collateral to which the Security Interest attached.

49. An Event of Default has occurred under the terms of the Loan Agreement, the terms of the Mortgage and Security Agreement have been breached, and Fannie Mae is entitled to have its lien on and the Security Interest in the Property foreclosed.

50. All conditions precedent to Fannie Mae's claim have been performed, have occurred, or have been excused.

51. Fannie Mae is authorized under the Loan Documents to make certain protective advances to preserve the value of its collateral. Any amounts disbursed by Fannie Mae for the preservation of its collateral become additional indebtedness secured by the Mortgage.

52. The Property cannot be divided without materially impairing its value or the interests of Fannie Mae therein, and the Property should therefore be sold according to law, as a whole, with the proceeds of sale after payment of the costs of sale and real estate taxes being applied to satisfy Fannie Mae's claims.

53. The Properties should be sold pursuant to Ohio law and procedures, free and clear of any liens, claims, or encumbrances, other than the obligation to pay real estate taxes and assessments going forward.

54. Fannie Mae further acknowledges that the Cuyahoga County Treasurer has an interest in the Property for taxes and assessments.

55. The Preliminary Judicial Report related to the Property is attached to this Complaint as <u>Exhibit G</u>.

### COUNT THREE: APPOINTMENT OF RECEIVER

56. Fannie Mae incorporates by reference each of the allegations in the preceding paragraphs as if fully re-written and restated herein.

57. The Mortgage provides that, upon an Event of Default, Fannie Mae can obtain a court-appointed receiver (including an *ex parte* appointment) to perform all acts necessary and appropriate for the operation and maintenance of the Property, including, without limitation, the execution, cancellation, or modification of leases; the collection of all rents and revenues of the Property; the making of repairs to the Property; and the execution or termination of contracts providing for the management or maintenance of the Property, all on such terms as are deemed best to protect the security of the Property and Fannie Mae. *See* Mortgage at ¶ 3(e).

58. Based upon the Event of Default set forth herein and pursuant to the Mortgage, Defendant Borrowers have expressly consented to the appointment of a receiver and to the payment of reasonable fees to that receiver for managing the Properties.

59. All conditions precedent to Fannie Mae's claim have been performed, have occurred, or have been excused.

60. Fannie Mae is entitled to the appointment of a receiver pursuant to Rule 66 of the Federal Rules of Civil Procedure and applicable federal practice and procedure.

27252328.2

**PRAYER FOR RELIEF**

61. Fannie Mae prays for the following relief:

- An in rem judgment be granted to Fannie Mae in this mortgage foreclosure action in the following amounts (as of July 21, 2025): (a) the unpaid principal due under the Loan Documents in the amount of $73,873,511.10, (b) the aggregate accrued, and unpaid interest due under the Loan Documents in the amount of $1,517,353.53, (c) tax advances in an amount of $2,822,744.04 and (d) Fannie Mae's Broker Price Opinion costs in an amount of $2,250.00. Collectively these amounts total $78,388,230.20, exclusive of Fannie Mae's attorney costs which are estimated at $30,050.00 as of July 21, 2025. Interest, fees, and expenses continue to accrue pursuant to the terms of the Loan Documents;

- A finding that the Mortgage is a first and best lien on the Property, subject only to any lien that may be held by the County Treasurer that has priority over the Mortgage as a matter of law;

- An order (1) foreclosing the equity of redemption and dower of all Defendants named in this action, (2) requiring that the Property, be sold free and clear of all liens, interests, and dower, (3) requiring all Defendants to set up their liens or interest in the Property or be forever barred from asserting such liens or interests, (4) requiring that the proceeds of the sale of the Property be applied to pay all amounts due Fannie Mae, and (5) granting Fannie Mae all other relief, legal and

11

27252328.2

equitable, as may be proper and necessary, including, for example, a writ of possession;

- An order on appointing a receiver over the Properties, to collect Rents, to preserve the Properties, and for all other purposes allowed by law;

- Fannie Mae recover all costs, expenses, and attorney fees expended herein; and

- Any other relief that this Court deems just and equitable.

Respectfully submitted,

*/s/ James W. Sandy*
James W. Sandy (0084246)
David Mullen (0089053)
**McGlinchey Stafford**
3401 Tuttle Road, Suite 200
Cleveland, Ohio 44122
Telephone: (216) 378-9911
Facsimile: (216) 803-6945
dmullen@mcglinchey.com
jsandy@mcglinchey.com
*Counsel for Plaintiff Fannie Mae*