**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| **FANNIE MAE**, <br><br> Plaintiff, <br><br> v. <br><br> **RESERVE APARTMENTS, LTD., et al.** <br><br> Defendants. | JUDGE BRIDGET MEEHAN BRENNAN <br><br> Case No.:  1:25-CV-1510 |

**CONSENT MOTION FOR IN REM JUDGMENT**
**IN MORTGAGE FORECLOSURE**

Plaintiff Fannie Mae ("Fannie Mae") and Defendants Reserve Apartments, Ltd. and Reserve Square Apartments, Ltd. (the "Defendant Borrowers"), by their counsel, submit this *Consent Motion for In Rem Judgment in Mortgage Foreclosure* (this "Motion") and respectfully state as follows:[1]

1.      On December 23, 2014, Defendant Borrowers executed a Note payable to Original Lender in the original stated principal amount of $93,433,000.00. The Loan is further evidenced by the Loan Agreement entered into by Original Lender and the Defendant Borrowers.

2.      Fannie Mae is the assignee of the Loan Documents and the Mortgage.

3.      The Mortgage, granted by Defendant Borrowers, encumbers the Mortgaged Property.

4.      The Mortgage also constitutes a security agreement with respect to the personal property, and because the recorded Mortgage constitutes a "fixture filing" within the meaning of section 9-334 of the Uniform Commercial Code, as adopted in Ohio.

---

[1] Terms used but not defined herein shall have the same meaning set forth in Fannie Mae's Complaint for Money Judgment and in Mortgage Foreclosure [Docket No. 1].

5.      In accordance with section 9-604 of the Uniform Commercial Code, as adopted in Ohio, because the Mortgage covers both personal and real property, and Defendants have agreed, Fannie Mae may proceed as to both the personal property and the real property in accordance with the rights with respect to the real property.  The Personal Property in which Defendant Borrowers granted the Lender a security interest is identified in the Mortgage.

6.      The Loan Agreement is in default, and without waiving any other defaults that may have occurred, due to the Loan maturing on January 1, 2025.

7.      An Event of Default under the Loan Agreement is an Event of Default under the Note and the Mortgage.

8.      Accordingly, Defendant Borrowers are in default under the Loan Agreement, the Note, and the Mortgage because the Loan has matured and remains unpaid in full.

9.      On July 21, 2025, Fannie Mae filed its *Complaint for In Rem Judgment on Note, Foreclosure of Mortgage, Enforcement of Security Agreement and Assignment of Leases and Rents, and Appointment of Receiver* (the "Complaint").  Pursuant to the terms of the Mortgage, Fannie Mae is entitled to foreclose on the Mortgaged Property upon the Event of Default.

10.      Pursuant to the Complaint, Fannie Mae is owed the following amounts (as of April 10, 2026): (a) the unpaid principal due under the Loan Documents in the amount of $73,873,511.10, (b) the aggregate accrued, and unpaid interest due under the Loan Documents in the amount of $3,840,265.05, (c) servicer tax advances in the amount of $4,028,771.15, (d) receiver advance in the amount of $1,655,808.65, and (e) Fannie Mae's Broker Price Opinion in an amount of $2,250.00 as well as a Property Condition Assessment in the amount of $4,300.00 and an Environmental Site Assessment in the amount of $3,500.00.  Collectively these amounts total $83,408,405.95 less $3,689,222.15 which is currently being held in suspense for a total of

$79,719,183.80, exclusive of Fannie Mae's attorney costs which are estimated at $46,000.00 as of April 10, 2026.

11. As set forth in the Complaint, interest, fees and expenses related to this action and the Loan Documents continue to accrue.

12. Defendants admit the allegations in the Complaint and consent to the relief requested in the Complaint and entry of an in rem judgment granted to Fannie Mae in the following amounts Pursuant to the Complaint, Fannie Mae is owed the following amounts: (a) the unpaid principal due under the Loan Documents in the amount of $73,873,511.10, (b) the aggregate accrued, and unpaid interest due under the Loan Documents in the amount of $3,840,265.05, (c) servicer tax advances in the amount of $4,028,771.15, (d) receiver advance in the amount of $1,655,808.65, and (e) Fannie Mae's Broker Price Opinion in an amount of $2,250.00 as well as a Property Condition Assessment in the amount of $4,300.00 and an Environmental Site Assessment in the amount of $3,500.00. Collectively these amounts total $83,408,405.95 less $3,689,222.15 which is currently being held in suspense for a total of $79,719,183.80, exclusive of Fannie Mae's attorney costs which are estimated at $46,000.00 as of April 10, 2026.

13. Defendants further agree that the Mortgage is a valid lien upon the Property, and consent to the foreclosure of the lien and to the sale of the Mortgaged Property at public auction.

14. Defendants and Fannie Mae further agree that nothing in this Motion or the Judgment in Mortgage Foreclosure entered by this Court shall preclude or otherwise prohibit, hinder or limit Fannie Mae's ability to exercise all rights against Guarantors at law or in equity in regard to any deficiency related to the foreclosure of the Mortgaged Property as set forth in the applicable Loan Documents.

WHEREFORE, Fannie Mae and Defendants request entry of Judgment in the form attached hereto as **Exhibit A**.

78398\328103720.v1

Respectfully submitted,

 /s/ James W. Sandy
James W. Sandy (0084246)
**Hinshaw & Culbertson LLP**
**16102 Chagrin Blvd., Suite 112**
Shaker Heights, OH 44120
O: 216-247-8509
F: 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
jsandy@hinshawlaw.com
*Counsel for Fannie Mae*


 /s/ Michael S. Tucker
Michael S. Tucker (0034398)
UB Greensfelder LLP
1660 West 2nd St., Suite 1100
Cleveland, OH 44113
(216) 583-7120
mucker@ubglaw.com
*Counsel for Defendants Reserve*
*Apartments, Ltd. and Reserve Square*
*Apartments, Ltd.*


 /s/ Adam D. Jutte
Adam D. Jutte (0081671)
Assistant Prosecuting Attorney – Tax Foreclosure
Courthouse Square
310 W. Lakeside Ave., Ste. 300
Cleveland, OH 44113
(216) 443-7797
ajutte@prosecutor.cuyahogacounty.us
*Counsel for Defendant Treasurer of*
*Cuyahoga County, Ohio*

**EXHIBIT A**

<u>Judgment in Mortgage Foreclosure</u>

(Attached)

78398\328103720.v1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **FANNIE MAE**, | Judge BRIDGET MEEHAN BRENNAN |
| Plaintiff, | |
| v. | Case No.:  1:25-CV-1510 |
| **RESERVE APARTMENTS, LTD., et al.** | |
| Defendants. | |

## <u>ORDER GRANTING IN REM  JUDGMENT AND JUDGMENT</u>
## <u>IN MORTGAGE FORECLOSURE</u>

Upon application to the Court by Plaintiff Fannie Mae ("<u>Fannie Mae</u>"), and it appearing that the summons and *Complaint for In Rem Judgment on Note, Foreclosure of Mortgage, Enforcement of Security Agreement and Assignment of Leases and Rents, and Appointment of Receiver* (the "<u>Complaint</u>") were duly issued and served upon the Defendants in accordance with the rules of this Court; and it appearing that the Loan Documents set forth in the Complaint have been presented and marked; and it appearing that the Mortgage is a valid lien upon the Property; and it appearing that there is presently due and owing to Fannie Mae under the Note, Loan and Mortgage particularly described in the Complaint the aggregate sum of not less than $79,719,183.80; and upon consideration of the parties' *Consent Motion for In Rem Judgment in Mortgage Foreclosure* (the "<u>Consent Motion</u>"),[1]  it hereby is **ORDERED, ADJUDGED AND DECREED:**

1.      The Consent Motion is **GRANTED** as set forth herein.

2.      All parties necessary for a complete adjudication of this matter are before the Court.

---

[1] Terms used but not defined herein have the meaning set forth in the Consent Motion.

3.      Plaintiff is granted an in rem judgment in an amount not less than granted to Fannie Mae in this mortgage foreclosure action in the following amounts (as of April 10, 2026): (a) the unpaid principal due under the Loan Documents in the amount of $73,873,511.10, (b) the aggregate accrued, and unpaid interest due under the Loan Documents in the amount of $3,840,265.05, (c) servicer tax advances in the amount of $4,028,771.15, (d) receiver advance in the amount of $1,655,808.65, and (e) Fannie Mae's Broker Price Opinion in an amount of $2,250.00 as well as a Property Condition Assessment in the amount of $4,300.00 and an Environmental Site Assessment in the amount of $3,500.00.  Collectively these amounts total $83,408,405.95 less $3,689,222.15 which is currently being held in suspense for a total of $79,719,183.80, exclusive of Fannie Mae's attorney costs which are estimated at $46,000.00 as of April 10, 2026.  Interest, fees (including attorneys' fees), and expenses continue to accrue pursuant to the terms of the Loan Documents.

4.      Judgment of mortgage foreclosure is hereby entered in favor of Fannie Mae.

5.      Unless, within three days of entry of this Order, Defendants pay or cause to be paid to Fannie Mae the sums due to Fannie Mae, together with interest, and to the Clerk of this Court, the costs of the within action, then the equity of redemption of Defendants, and all persons claiming through Defendants, shall be foreclosed and the Property (including the Personal Property) sold, and an Order of Sale shall be issued to the Sheriff of Cuyahoga County directing him to appraise, advertise, and sell the Mortgaged Property (including the Personal Property) at public auction in accordance with applicable law, said terms being cash on date of sale, or according to law and the orders of the Court, and report his proceedings back to the Court.  If the United States of America holds a lien on the real estate, the United States of America shall have the right to redeem as provided by 28 U.S.C. § 2410(C).

78398\328103720.v1

6.      The Sheriff of Cuyahoga County shall send counsel for the party requesting the Order of Sale a copy of the publication notice for the sale of the Mortgaged Property promptly upon its first publication.

7.      Upon sale of the Mortgaged Property (if sold to a third party), the Sheriff shall pay from the proceeds of the Mortgaged Property, upon the claim herein found, the amounts thereof in the following order of priority:

      a.      To the Clerk of this Court, the costs of this action, including the fees of the appraisers;

      b.      To the Treasurer of this County, the taxes and assessments due and payable and legally assessed against the Property; and

      c.      To the Plaintiff Fannie Mae.

8.      If the Mortgaged Property is sold to Fannie Mae, the Sheriff of Cuyahoga County shall accept on account of the purchase price the amount of the proceeds to which Fannie Mae is entitled.

9.      Fannie Mae shall be entitled to update the amounts due and owing under the Loan Documents prior to the public auction and use its current indebtedness for purposes of bidding at the public auction.

10.      Fannie Mae, its successors and/or assigns or any purchaser at the foreclosure sale shall duly recover against Defendants and all parties holding by, through or claiming under Defendants, possession of the Mortgaged Property mentioned and described in the Complaint with the appurtenances thereon.

11.      This Judgment shall not preclude or otherwise prohibit, hinder, or limit Fannie Mae's ability to exercise all rights against Guarantors at law or in equity in regard to any deficiency related to the foreclosure of the Mortgaged Property as set forth in the applicable Loan Documents.

78398\328103720.v1

12.     The Clerk of Courts shall send a copy of this Judgment to all parties as required by Fed. R. Civ. P.  58(B).


BY THE COURT:


_____          _____
DATED                             JUDGE BRIDGET MEEHAN BRENNAN

78398\328103720.v1