UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FANNIE MAE, | ) | CASE NO. 1:25-cv-01510 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| RESERVE APARTMENTS, LTD., *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

Upon application to the Court by Plaintiff Fannie Mae ("Fannie Mae"), and it appearing that the summons and Complaint for In Rem Judgment on Note, Foreclosure of Mortgage, Enforcement of Security Agreement and Assignment of Leases and Rents, and Appointment of Receiver (the "Complaint") were duly issued and served upon the Defendants in accordance with the rules of this Court; and it appearing that the Loan Documents set forth in the Complaint have been presented and marked; and it appearing that the Mortgage is a valid lien upon the Property; and it appearing that there is presently due and owing to Fannie Mae under the Note, Loan and Mortgage particularly described in the Complaint the aggregate sum of not less than $79,719,183.80; and upon consideration of the parties' Consent Motion for In Rem Judgment in Mortgage Foreclosure (the "Consent Motion"),[1] it hereby is **ORDERED, ADJUDGED AND DECREED**:

1.    The Consent Motion is **GRANTED** as set forth herein.

2.    All parties necessary for a complete adjudication of this matter are before the Court.

---

[1] Terms used but not defined herein have the meaning set forth in the Consent Motion.

3.    Plaintiff is granted an in rem judgment in an amount not less than granted to Fannie Mae in this mortgage foreclosure action in the following amounts (as of April 10, 2026): (a) the unpaid principal due under the Loan Documents in the amount of $73,873,511.10, (b) the aggregate accrued, and unpaid interest due under the Loan Documents in the amount of $3,840,265.05, (c) servicer tax advances in the amount of $4,028,771.15, (d) receiver advance in the amount of $1,655,808.65, and (e) Fannie Mae's Broker Price Opinion in an amount of $2,250.00 as well as a Property Condition Assessment in the amount of $4,300.00 and an Environmental Site Assessment in the amount of $3,500.00. Collectively these amounts total $83,408,405.95 less $3,689,222.15 which is currently being held in suspense for a total of $79,719,183.80, exclusive of Fannie Mae's attorney costs which are estimated at $46,000.00 as of April 10, 2026. Interest, fees (including attorneys' fees), and expenses continue to accrue pursuant to the terms of the Loan Documents.

4.    Judgment of mortgage foreclosure is hereby entered in favor of Fannie Mae.

5.    Unless, within three days of entry of this Order, Defendants pay or cause to be paid to Fannie Mae the sums due to Fannie Mae, together with interest, and to the Clerk of this Court, the costs of the within action, then the equity of redemption of Defendants, and all persons claiming through Defendants, shall be foreclosed and the Property (including the Personal Property) sold, and an Order of Sale shall be issued to the Sheriff of Cuyahoga County directing him to appraise, advertise, and sell the Mortgaged Property (including the Personal Property) at public auction in accordance with applicable law, said terms being cash on date of sale, or according to law and the orders of the Court, and report his proceedings back to the Court. If the United States of America holds a lien on the real estate, the United States of America shall have the right to redeem as provided by 28 U.S.C. § 2410(C).

6.     The Sheriff of Cuyahoga County shall send counsel for the party requesting the Order of Sale a copy of the publication notice for the sale of the Mortgaged Property promptly upon its first publication.

7.     Upon sale of the Mortgaged Property (if sold to a third party), the Sheriff shall pay from the proceeds of the Mortgaged Property, upon the claim herein found, the amounts thereof in the following order of priority:

> a.     To the Clerk of this Court, the costs of this action, including the fees of the appraisers;
>
> b.     To the Treasurer of this County, the taxes and assessments due and payable and legally assessed against the Property; and
>
> c.     To the Plaintiff Fannie Mae.

8.     If the Mortgaged Property is sold to Fannie Mae, the Sheriff of Cuyahoga County shall accept on account of the purchase price the amount of the proceeds to which Fannie Mae is entitled.

9.     Fannie Mae shall be entitled to update the amounts due and owing under the Loan Documents prior to the public auction and use its current indebtedness for purposes of bidding at the public auction.

10.     Fannie Mae, its successors and/or assigns or any purchaser at the foreclosure sale shall duly recover against Defendants and all parties holding by, through or claiming under Defendants, possession of the Mortgaged Property mentioned and described in the Complaint with the appurtenances thereon.

11.     This Judgment shall not preclude or otherwise prohibit, hinder, or limit Fannie Mae's ability to exercise all rights against Guarantors at law or in equity in regard to any

deficiency related to the foreclosure of the Mortgaged Property as set forth in the applicable Loan Documents.

12.     The Clerk of Courts shall send a copy of this Judgment to all parties as required by Fed. R. Civ. P.  58(b).

**IT IS SO ORDERED.**

Date: April 14, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE