**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FANNIE MAE** | **:** | |
| | **:** | Case No. 1:25-cv-01510 |
| Plaintiff, | **:** | |
| | **:** | Judge Bridget Meehan Brennan |
| v. | **:** | |
| | **:** | |
| **RESERVE APARTMENTS, LTD.,** *et al.* | **:** | |
| | **:** | |
| Defendants. | **:** | |
| | **:** | |

**RECEIVER'S REPLY IN SUPPORT OF MOTION TO EXCUSE WEEKLY**
**REPORTING**

Andrew Hayman of the Hayman Company ("Receiver"), by and through his undersigned counsel, respectfully submits this Reply in Support of his Motion to Excuse Weekly Reporting (Doc # 52) and in response to the Brief in Opposition (Doc # 56) (the "Opposition") filed by Western Reserve Area Agency on Aging ("WRAAA") and Gray Local Media, Inc. ("Gray").

**I. Introduction**

WRAAA and Gray's Opposition fundamentally misconstrues the purpose of the Court's February 12, 2026 reporting order (the "Reporting Order"), the scope of the receivership, and the proper procedural mechanisms available to non-parties. Reserve Square is a 50-year-old mixed-use property comprising two 23-story buildings with 975 residential units plus commercial space. When this case began, the

1

fee owner could no longer pay its mortgage-debt or maintain the Property, and deferred maintenance was substantial. The Receiver was appointed to "manage, take charge, preserve, and safeguard the Property" and pay operating expenses "as funds are available."[1] *See* Receiver Order (Doc # 11), ¶¶22a., c.

Rather than addressing whether the City of Cleveland's ("City") specific concerns have been resolved, WRAAA and Gray have seized upon this proceeding as a forum to air landlord-tenant disputes that have nothing to do with the City's letter or the Reporting Order. Indeed, neither WRAAA nor Gray is a party to this action and neither needs to be as their leasehold interests are not being disturbed as part of the foreclosure. Yet both now seek to conscript this Court's reporting mechanism into a vehicle for litigating their individual lease disputes for which established legal remedies already exist. Notably, both tenants sent default notices to Receiver, received detailed responses explaining why no defaults existed, and neither has replied. See Declarations of David Van Slyke and Jeanna Weaver attached as **Exhibit 1**.

As will be more fully detailed below, the Court should grant Receiver's Motion because: (1) the issues identified in the City's letter that prompted the reporting order have been substantively resolved; (2) WRAAA and Gray lack standing to dictate the scope of Receiver's reporting obligations; (3) the complaints raised in the opposition concern individual lease disputes that are not properly before this Court;

---

[1] The Property is not cash flowing to cover all necessary costs and expenses. Since Receiver's appointment, the Plaintiff has advance over $2,858,000 to cover expenses and improvements.

2

and (4) monthly reporting under the Receiver Order provides the Court with continued oversight.

## II. Argument

I.      **The City's Concerns That Prompted the Reporting Order Have Been Resolved.**

The Reporting Order directed weekly reporting "regarding any updates, changes, or new complaints received relevant to the issues identified by the City's letter, including heating, the parking garage, fire alarms, hot water, cleanings/treatments, and reports from the building engineer." Over twelve consecutive weeks of reporting, Receiver has demonstrated sustained resolution of each issue the City raised:

> A.      Heating. All five boilers are operational. Johnson Controls has completed repairs five boilers.  The system has remained fully operational throughout the reporting period. The original heating crisis of a lack of heat during one of Cleveland's coldest winters is resolved.

> B.      Parking Garage Flooding. There has been no additional flooding in the parking garage since the isolated incidents in January 2026 caused by a fire suppression line break during unseasonably cold temperatures rather than a systemic problem. Separately, the garage requires structural shoring; a contractor has been selected, a contract signed, and the City updated. The contractor is obtaining necessary permits.

> C.      Fire Alarms. As of Week 12, there had been no false alarms for four consecutive weeks. Over the preceding ten weeks, the alarm sounded seven times,  typically triggered by maintenance or construction work, and each instance was immediately addressed. While alarms have not completely ceased, the City's concern about alarms "going off daily" is no longer the case.

> D.      Hot Water. The boilers are checked daily to maintain correct pressure and temperature of at least 130 degrees. Johnson Controls continues recommended maintenance, but the boilers have remained operational throughout.

3

WRAAA and Gray do not dispute that these specific conditions have been addressed. Instead, they attempt to expand the Reporting Order beyond its plain terms to encompass every maintenance issue, whether past or future, at this large, aging property. That is not what the Court ordered, and it provides no basis for indefinite weekly reporting.

## II. The Opposition Raises Landlord-Tenant Disputes, Not Issues Identified in the City's Letter.

The opposition is a catalog of individual tenant grievances dressed up as an objection to a procedural motion. WRAAA complains about past condensation from ductwork, collapsed ceiling tiles, elevator outages, cockroach activity, and lower-level space usability. Gray complains about flooding in abandoned space not part of Gray's premises, concrete spalling, which Receiver is actively addressing, unflushing commodes, and a brief water shutoff. These are routine maintenance issues at any large, aging commercial property.

Both tenants previously sent formal default notices to Receiver, received comprehensive written responses detailing extensive remediation efforts, and neither responded. Having failed to engage through the proper channels established by their leases, WRAAA and Gray now attempt to use this Court as a megaphone for their complaints. Moreover, Receiver also notes that many of the factual assertions in the opposition are misleading or inaccurate:

- The alleged "ceiling collapse" in WRAAA's conference room[2] was 4-5 wet ceiling tiles caused by a leak from above, not a full collapse of the ceiling. The on-site team responded immediately upon being

---

[2] See Opposition, Pg 5.

notified, repaired the leak, and replaced the tiles all in the same day. The carpets were cleaned the following day.

- WRAAA's lower-level space had all flood-related remediation completed in early March 2026, except for installing cove base (baseboard) that had to be special ordered and was installed in April. The lack of cove base did not render the space uninhabitable and Receiver believes the space has been habitable since at least mid-March.

- The "alarm strobe light" that persisted for three hours was in the middle of the day at the emergency exits and emergency lights. It was only the lights not an alarm that persisted. Precision Alarm was called out to reset the system.

- The elevators referenced by WRAAA are outside WRAAA's demised premises, but this is a priority of Receiver to have fixed. Receiver has replaced the original elevator contractor who was not responsive, and engaged KONE Elevator to make repairs caused by the January flooding; KONE's estimate has been submitted to the insurance company for approval. To Receiver knowledge, the elevator inside WRAAA's space is fully operational.

- The May 8, 2026 water shutoff occurred during an emergency plumbing repair to a basement-level hallway leak. The on-site team did not anticipate the shutoff would affect Gray's water supply, apologized immediately upon discovering it did, and restored water within approximately 1.5 hours.

Simply put, the issues raised by WRAAA and Gray are nothing more than routine building maintenance matters that are being addressed in the ordinary course. They do not constitute a basis for indefinite weekly reporting to the Court.

## III.     Monthly Reporting Provides Adequate Ongoing Oversight.

The Receiver Order already requires monthly reporting, including "a copy of any contract entered into by Receiver regarding repair or improvement of the building," "a report of the lease and occupancy status of each unit," and "an account of the disposition of all revenues received from the Property" and "all expenses and

improvements." This monthly reporting provides the Court with comprehensive, ongoing visibility into the Property's operations and condition.

Receiver has acted in good faith and in accordance with both the Receiver Order and the Court's reporting directive, filing twelve consecutive weekly reports demonstrating sustained compliance and remediation of the City's concerns. Receiver will continue to monitor all building systems, respond to tenant maintenance requests in accordance with lease obligations, and report monthly as required.

## II.  Conclusion

For the foregoing reasons, Receiver respectfully requests that the Court grant the Motion to Excuse Weekly Reporting. While issues will inevitably arise at a property of this size and age, Receiver has demonstrated it will promptly address them. WRAAA and Gray are non-parties who have not sought to intervene and lack standing to dictate Receiver's reporting obligations.

Respectfully submitted,

*/s/ Jeanna M. Weaver*
Jeanna M. Weaver (0075186)
David L. Van Slyke (0077721)
PLUNKETT COONEY
716 Mt. Airyshire Blvd., Ste. 150
Columbus, Ohio 43235
(614) 629-3000; Fax (248) 901-4040
E-mail:  jweaver@plunkettcooney.com
          dvanslyke@plunkettcooney.com
*Attorneys for Andrew Hayman of the*
*Hayman Company, as Receiver*

6

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing pleading was sent via electronic mail, on this 15th day of May 2026, to the following counsel of record:

James W. Sandy, Esq.
McGlinchey Stafford
3401 Tuttle Rd., Ste. 200
Cleveland, OH 44122
jsandy@hinshawlaw.com
*Attorneys for Plaintiff*

Adam D. Jutte, Esq.
Office of Prosecuting Attorney
310 Lakeside Ave., W
Cleveland, OH 44113
ajutte@prosecutor.cuyahogacounty.us
*Attorney for Cuyahoga Fiscal Officer*

Scott N. Opincar
Matthew J. Cavanagh
McDonald Hopkins
sopincar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
smeeks@mcdonaldhopkins.com
bkfilings@mcdonaldhopkins.com
mhdocket@mcdonaldhopkins.com
*Attorney for Gray Local Media, Inc.*

Alan W. Scheufler, Esq.
Michael S. Tucker, Esq.
Ulmer & Berne – Cleveland
1660 West Second St.
Cleveland, OH 44113
mtucker@ubglaw.com
*Attorneys for Reserve Apartment LTD.*

William A. Doyle (0090987)
Taft Stettinius & Hollister LLP
wdoyle@taftlaw.com
*Attorney for Non-Party*
*Western Reserve Area Agency on Aging*

Courtesy copy:
Dennis Butler
Assistant Director of Law
City of Cleveland
Dbutler3@clevelandohio.gov

*/s/ Jeanna M. Weaver*
Jeanna M. Weaver (0075186)

7

EXHIBIT

1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **FANNIE MAE** | : |
| Plaintiff, | : Case No. 1:25-cv-01510 |
| | : |
| | : Judge Bridget Meehan Brennan |
| v. | : |
| | : |
| **RESERVE APARTMENTS, LTD.,** *et al.* | : |
| | : |
| Defendants. | : |

### DECLARATION OF DAVID L. VAN SLYKE

I, David L. Van Slyke, declare as follows:

1. I am competent to testify as to the facts stated herein.

2. I am an attorney licensed to practice law in the State of Ohio and am in good-standing.

3. I am employed by Plunkett Cooney PC and am counsel for Andrew Hayman of the Hayman Company("Receiver"), as court appointed receiver in this action.

4. Upon receiving Western Reserve Area Agency on Aging's ("WRAAA") default letter dated March 19, 2026, I left a voice mail for WRAAA's counsel, William Doyle, on either March 19, 2026 or March 20, 2026 to discuss the alleged defaults, but never received a call back.

5. On behalf of the Receiver, I sent a response to WRAAA's default letter on March 25, 2026, and have received no reply or other response from WRAAA to my letter.

62562281.1

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on May 15, 2026.

David L. Van Slyke

62562281.1

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **FANNIE MAE** | : |
| | :   Case No. 1:25-cv-01510 |
| Plaintiff, | : |
| | :   Judge Bridget Meehan Brennan |
| v. | : |
| | : |
| **RESERVE APARTMENTS, LTD.,** *et al.* | : |
| | : |
| Defendants. | : |

### DECLARATION OF JEANNA M. WEAVER

I, Jeanna M. Weaver, declare as follows:

1. I am competent to testify as to the facts stated herein.

2. I am an attorney licensed to practice law in the State of Ohio and am in good-standing.

3. I am employed by Plunkett Cooney PC and am counsel for Andrew Hayman of the Hayman Company("Receiver"), as court appointed receiver in this action.

4. I received a default letter dated February 27, 2026 from Gray Local Media, Inc. ("Gray") on the same date.

5. On behalf of Receiver, I sent a response to Gray's default letter on March 9, 2026, and have received no reply or other response from Gray to my letter.

6. On or about March 17, 2026, I left a voice mail for Gray's counsel, Scott Opincar to discuss the alleged defaults, but never received a call back.

62562431.1

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on May 15, 2026.

Jeanna M. Weaver

62562431.1